UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONALD ESTES,<br><br>Defendant. | )<br>)<br>)  No. 25-cr-84-PB-AJ-01<br>)<br>)  Counts 1-4: Mail Fraud (18 U.S.C. § 1341)<br>)<br>)  Counts 5-8: Bank Fraud (18 U.S.C. § 1344)<br>)<br>)<br>) |

## INDICTMENT

**The Grand Jury charges:**

At all times material to this Indictment:

1. Victim 1 was an elderly disabled veteran who resided in a nursing home in Vermont. A doctor concluded that Victim 1's disabilities left him unable to independently manage his money and make his own decisions such that he required a legal guardian. Victim 1 died in February 2024.

2. Victim 1 maintained a checking account ending -3293 at Woodsville Guaranty Savings Bank.

3. Woodsville Guaranty Savings Bank was a financial institution as defined by Title 18, U.S. Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

4. The defendant, DONALD ESTES, was a resident of New Hampshire and a friend of Victim 1.

### The Mail Fraud Scheme

5. Beginning on or about July 30, 2020, and continuing through on or about December 6, 2023, in the District of New Hampshire and elsewhere, the defendant

1

DONALD ESTES,

knowingly and willfully devised and intended to devise a scheme and artifice to defraud Victim 1, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

### The Bank Fraud Scheme

6.      Beginning on or about July 30, 2020, and continuing through on or about December 6, 2023, in the District of New Hampshire and elsewhere, the defendant,

DONALD ESTES,

knowingly and willfully executed and attempted to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, Woodsville Guaranty Savings Bank by means of false or fraudulent pretenses, representations, and promises.

### Manner and Means

It was part of both schemes that:

7.      Each month, Victim 1 received disability benefits provided by the U.S. Department of Veterans Affairs.

8.      Victim 1's mother served as Victim 1's legal guardian until she passed away.  On or about July 21, 2020, Victim 1's nursing home contacted ESTES asking whether he would serve as Victim 1's guardian.

9.      ESTES never applied to serve as Victim 1's guardian.

10.     On or about July 30, 2020, ESTES had Victim 1 sign an agreement for the account ending -3293 at Woodsville Guaranty Savings Bank for ESTES to become a joint owner of the account who could access the funds.  Victim 1 was unable to make decisions on his own

and had no guardian at the time ESTES procured Victim 1's signature to the agreement.

11.    ESTES submitted this agreement to Woodsville Guaranty Savings Bank and became a joint owner on account ending in -3293.

12.    ESTES then changed the mailing address for the account so that monthly statements would go to ESTES.

13.    Between on or about August 3, 2020, through on or about December 6, 2023, ESTES conducted over 100 withdrawals from Victim 1's -3293 account totaling approximately $225,200.

14.    ESTES misused the funds he took from Victim 1's account on personal purchases, including a snowmobile, vacation to Tennessee, and jewelry for ex-girlfriends.

<u>COUNTS ONE THROUGH FOUR</u>
Mail Fraud
18 U.S.C. § 1341

15.    On or about the dates charted below, in the District of New Hampshire and elsewhere, the defendant,

DONALD ESTES,

for the purpose of executing the mail fraud scheme described above, and attempting to do so, knowingly caused to be delivered by mail according to the directions thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, the following matters and things:

| Count | Approximate Date of Mailing | Description of the Mailing |
|-------|------------------------------|----------------------------|
| 1 | 08/25/2021 | Monthly statement for ending Woodsville Guaranty Savings Bank account ending -3293 |
| 2 | 02/25/2022 | Monthly statement for ending Woodsville Guaranty Savings Bank account ending -3293 |
| 3 | 11/25/2022 | Monthly statement for ending Woodsville Guaranty Savings Bank account ending -3293 |

| 4 | 07/25/2023 | Monthly statement for ending Woodsville Guaranty Savings Bank account ending -3293 |
|---|---|---|

All in violation of Title 18, United States Code, Section 1341.

## COUNTS FIVE THROUGH EIGHT
### Bank Fraud
### 18 U.S.C. § 1344

16.    Paragraphs 1 through 4 and 6 through 15 are realleged.

17.    On or about the dates charted below, in the District of New Hampshire and elsewhere, the defendant,

DONALD ESTES,

knowingly executed and attempted to execute the bank fraud scheme described above by withdrawing funds under the custody or control of Woodsville Guaranty Savings Bank:

| Count | Approximate Date | Amount Withdrawn |
|---|---|---|
| 5 | 11/02/2020 | $2,000 |
| 6 | 06/15/2021 | $3,000 |
| 7 | 06/16/2022 | $2,000 |
| 8 | 08/02/2023 | $3,000 |

All in violation of Title 18, United States Code, Section 1344.

## NOTICE OF FORFEITURE

Upon conviction of one or more of the offenses set forth in Counts One through Eight of this Indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including a sum of money equal to the proceeds of the charged offenses.

Pursuant to 21 U.S.C. § 853(p), the United States of America shall be entitled to

forfeiture of substitute property if any of the property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.

All in accordance with 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c) and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

Dated: October 22, 2025

/s/ Foreperson
FOREPERSON

ERIN CREEGAN
United States Attorney


/s/ Alexander S. Chen
Alexander S. Chen
Assistant United States Attorney

5